# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 1
### KELLER v. GREENLAWN REALTY CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5822.   Decided June 8, 1925

297. CONTRACTS—Where check of prospective customer in contract is not paid, the test as to whether a good contract between seller and purchaser subsisted is whether an action was maintainable either on the contract or on the check.

MAUCK, P. J.

John Keller brought an action in the Cleveland Municipal Court to recover from the Greenlawn Realty Company a commission for the sale of real estate owned by the Company. The case was tried without a jury and judgment was rendered for the Realty Company.

Keller brought a prospective customer and the Realty Company agreed to convey and the former to pay for the property, on a valuation of $30,000; 4% commission to go to Keller. A contract between both parties was entered into, to this effect.

The agreement also embodied a provision which stated that the $1200 commission was not to be paid to Keller unless the sale was consummated by payment of $8000 by the customer; and that if the $8000 was not paid, the Realty Company would pay to Keller for full release $500. Keller had proceeded on the theory that this provision expressed the contract between him and the Realty Company and claimed the $500 thereunder. The customer failed to make payments as provided in the contract. The Court of Appeals held:

1. The agent in this case had fully performed when he brought his principal a buyer with whom the principal was willing to enter into a written contract of sale.

2. Whether the seller was financially responsible or not was to be determined by the principal before he entered into the contract of sale. 107 OS. 113.

3. The only effect of the provision in the contract was to diminish the amount due the agent from $1200 to $500 in case the $8000 cash payments were not made in full.

4. This paragraph was to be made for the benefit of the principal. It was to prevent Keller from realizing his full $1200 and was effective only for the purpose of reducing his recovery to $500 and not for the purpose of entirely wiping it out.

5. The view that when the customer's check had not been paid that there was no subsisting agreement between it and the Realty Company was erroneous.

6. The contract contained mutual promises to buy and sell and an action thereon was maintainable in a court of law, in addition to an action that might have been maintained on the check itself.

7. The judgment is contrary to the undisputed evidence and the judgment of the municipal court is reversed and judgment hereby entered for Keller as prayed for.

Judgment reversed.

Attorneys—H. W. Lower for Keller; Bernsteen & Bernsteen for Realty Company; all of Cleveland.