PILKEY REALTY CO., Plaintiff-Appellant, v. HARRISON, et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21002.   Decided November 1, 1948.

Henry L. Brover, Cleveland, for plaintiff-appellant.
M. A. Roemisch, Cleveland, for defendants-appellees.

## OPINION

By NICHOLS, J.

Plaintiff filed its petition in the Municipal Court of the City of Cleveland in which it alleged its corporate capacity and that it is a duly licensed real estate broker; that the defendant engaged it to sell certain described real estate; that it procured a purchaser and the purchaser and defendants as owners signed a valid and binding written agreement for the sale of the premises upon the terms set forth and that "as consideration for effecting such contract" the defendants promised and agreed to pay the Real Estate Board rate of commission, amounting to $1045.00 which sum defendants have failed and refused to pay and for which plaintiff prays judgment with interest and costs.

For answer the defendants deny, for want of knowledge, that the plaintiff is a corporation and a duly licensed real estate broker; further answering defendants admitted that they engaged plaintiff as a broker to sell the specific real estate.

"As an affirmative defense" defendants allege the property was listed with the broker with the distinct understanding that the broker would receive a commission only if and when it had effected a sale of the property to its consummation.

Answering further, defendants allege that on or about June 14, 1946 the plaintiff tendered to defendants an instrument in writing executed by Emil Mares and Mary Mares, embodying the offer on their part to purchase the premises for $21,500.00 payable to the extent of $400.00 by way of earnest money in hand, and to the extent of $21,100.00 by way of cash to be deposited in escrow; that the plaintiff at the same time represented to defendants that it had received payment by check in the sum of $400.00 as earnest money to be held in trust by the plaintiff; that defendants, relying upon that representation, accepted such written offer; that subsequently

on or about June 19, 1946, the defendants were advised by plaintiff that the offerors were unwilling or unable to perform their purchase agreement and that the check given by them as a payment of the earnest money had been returned dishonored by the drawee bank; that the purchase agreement was not and has not been performed; that no payment of earnest money and no other payment on account of the purchase agreement has been made to or for the account of defendants by the offerors thereunder.

Answering further, the defendants deny each, every, all and singular the allegations contained in plaintiff's petition, except those specifically admitted to be true.

The cause coming on for trial, the defendants stipulated that the plaintiff is a corporation and a duly licensed real estate broker, whereupon plaintiff moved the court to require defendant to "go forward with the burden of proceeding as well as proof." Such motion was properly overruled.

The plaintiff having alleged that it was engaged by defendants as a real estate broker to "sell the premises" and that it "procured a purchaser" and the defendants having in effect specifically denied that plaintiff had procured a purchaser in accordance with its agreement, the burden remained on plaintiff to go forward. There was no prejudicial error in this respect.

The trial resulted in a judgment for defendants from which an appeal has been duly prosecuted to this court.

From the bill of exceptions it clearly appears that the purported check for the $400.00 earnest money allegedly given by the purchasers to the plaintiff appellant and drawn to its order, was drawn upon a non-existent account which fact was not disclosed to the defendants appellees. That the confidential relationship between the agent and owner required the utmost good faith upon the agent's part and imposed the obligation on it not to mislead the owner in accepting the proposal to purchase. That the owner relied upon the representations of the agent that a valid check for $400.00 had been received by it as earnest money provided in the purchase proposal. Indeed it is admitted in the testimony of appellant's salesman (Record page 24) that at the time he presented to appellees the written proposal to purchase he told them he had the $400.00. This was a definite misrepresentation of fact.

Except for such representations it clearly appears that the appellees would not have accepted the proposal and the purported check was never delivered to the owners (record page 14) and clearly under the circumstances the duty rested upon the agent who retained it, to see to its collection before the

claim could be made that the appellant had performed the services contracted in the listing agreement.

The services contemplated by the parties must have been performed before the agent would be entitled to the commission. There was no waiver of such performance on the part of the owners in the absence of knowledge that the check was fictitious and not drawn upon an existing account. If recovery could be had under the circumstances existing in this case, the door would be opened for perpetration of vicious frauds upon principals relying upon the integrity of their agents. Such must not be countenanced by the courts.

The case is clearly distinguished from the case of **Keller v. Greenlawn Realty Co.** (4 Abs 2) (unreported opinions of this court No. 5822, decided June 8, 1925) as well as the case of **Carey, Admr. v. Conn. 107 Oh St 113.**

We have considered all of the errors assigned by appellant and find none prejudicial to it.

The judgment of the Municipal Court of Cleveland is therefore affirmed. Exc. Order See Journal.

HURD, PJ, SKEEL, J, concur.